United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 16-20726-CR-Scola ) ) |
| James Bell, Defendant. | ) ) |

### Order Denying Motion for Compassionate Release

This matter is before the Court upon the Defendant James Bell's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 130**).

The Defendant was indicted in the Southern District of Florida on September 23, 2016 for one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) After jury trial began, the Defendant entered into a plea agreement and plead guilty to the count in the indictment. (ECF Nos. 48, 93.) Following his plea, the defendant was sentenced to 264 months' incarceration, of which he has served about 60 months—or 23%—of his sentence. (ECF No. 67; ECF No. 136, at 1.) The Defendant seeks compassionate release on the basis that he has hypertension, a weak heart, and poor vision, and because he already tested positive for COVID-19 in November 2020 and therefore believes he has a high risk of contracting COVID-19 for a second time. (ECF No. 136, at 1.)

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons . . . to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). While it is unclear whether the Defendant his administrative remedies, the government does not appear to contest that he has, so for purposes of this motion, the Court assumes that the Defendant's administrative remedies have been exhausted.

The Court now turns to the relevant Sentencing Guidelines Policy Statement, which states the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling

reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant the Defendant's release, find that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

The Court first examines whether the Defendant has established extraordinary and compelling circumstances warranting his early release. In his motion, the Defendant states he is 56 years of age, suffers from hypertension, a weak heart, poor vision, and has already contracted COVID-19 and therefore believes he is at a high risk of contracting the virus again. The Court does not agree that these conditions present extraordinary and compelling circumstances warranting compassionate release. The Defendant has already contracted COVID-19 but did not have a severe case of the illness. Moreover, vaccinations will soon be available to all inmates—52% percent of all inmates at the Defendant's facility have already been vaccinated, not inclusive of those inmates who have declined vaccination. (ECF No. 136, at 5.) As a COVID-19 vaccine will soon be available to the Defendant and due to the decreased likelihood the Defendant will contract COVID-19 a second time because he has already contract the illness, the Court finds compassionate release is not warranted.

As the Court finds the Defendant has failed to establish extraordinary and compelling circumstances, the Court need not consider the § 3553(a) factors or whether the Defendant's release would pose a danger to the community. Nonetheless, the Court notes that the Defendant has a number of prior convictions, including: a 1983 conviction for robbery where the Defendant violated his probation and received a 366 day prison sentence; a 1986 conviction for possession of a firearm by a felon for which he received a 366 day prison sentence which would run concurrent with his robbery sentence; a 1988 conviction for trafficking in cocaine and possession of a firearm by a felon, for which he received a 42 month prison sentence; a conviction for second degree murder in 1990, for which he received an 11 year prison sentence; a 1996 conviction for possession of a firearm by a felon, for which he received a sentence of 3 years in prison; a 1997 conviction for resisting an officer with violence and possession of a firearm by a felon, for which he received a sentence of 10 years in prison, and a 2010 conviction for possession of marijuana with intent to distribute, for which he received 366 days in prison. The Court notes that while the Defendant was only charged with possession of a firearm in the instant case, the Defendant shot someone in the

face at close range and while that person survived, the victim did not want to be a witness in the case. Accordingly, under the § 3553(a) factors, a lengthy prison sentence is needed to deter this Defendant and protect society. Based on his numerous prior convictions involving firearms and violence, the Defendant has failed to establish that his release would not pose a danger to the community.

For the reasons stated above, the Court **denies** the Defendant's motion for compassionate release (**ECF No. 130**).

**Done and ordered** at Miami, Florida, on May 13, 2021.

_____
Robert N. Scola, Jr.
United States District Judge